**WAJDA LAW GROUP, APC**
Nicholas M. Wajda (State Bar No. 259178 )
11400 West Olympic Boulevard
Suite 200M
Los Angeles, California 90064
Telephone: 310-997-0471
Facsimile: 866-286-8433
E-Mail: nick@wajdalawgroup.com

*Attorneys for the Plaintiff*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| MELVIN KING JR.,<br><br>       Plaintiff,<br><br>  v.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC,<br><br>     Defendant. | Case No. 5:19-cv-00535<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *ET SEQ.***<br><br>**2. VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *ET SEQ.***<br><br>**3. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788 *ET SEQ.***<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

NOW COMES, MELVIN KING JR., through counsel, WAJDA LAW GROUP, APC, complaining of PORTFOLIO RECOVERY ASSOCIATES, LLC, as follows:

## NATURE OF THE ACTION

1.      This action arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.* and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788 *et seq.*

1

**JURISDICTION AND VENUE**

2.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3.     This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4.     Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

**PARTIES**

5.     MELVIN KING JR. ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in this judicial district.

6.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7.     Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

8.     Plaintiff is a "debtor" as defined by Cal. Civ. Code § 1788.2(h).

9.     PORTFOLIO RECOVERY ASSOCIATES, LLC ("Defendant") also known as Anchor Receivables Management, manages past-due accounts. It serves customers through account representatives. The company was incorporated in 1996 and is based in Norfolk, Virginia. Portfolio Recovery Associates, LLC operates as a subsidiary of PRA Group, Inc.

10.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

11.     Defendant uses instrumentalities of interstate commerce and the mail in its business – the principal purpose of which is the collection of debt owed or due or asserted to be owed or due another.

12.     Defendant is a "person" as defined by 47 U.S.C. § 153(39).

13.     Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

**FACTUAL ALLEGATIONS**

14.     At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the number ending in 4797.

15.     At all times relevant, Plaintiff's number ending in 4797 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

16.     At all times relevant, Plaintiff was financially responsible for his cellular telephone equipment and services.

17.     Plaintiff applied for and was approved for a Capital One Bank (USA), N.A. credit card.

18.     Over time, Plaintiff made various personal charges on this account through "consumer credit transactions" as defined by Cal. Civ. Code § 1788.2(e).

19.     Thereafter, Plaintiff defaulted on $715.62 balance owed Capital One Bank (USA), N.A.

20.     Plaintiff's $715.62 balance is a "debt" as defined by Cal. Civ. Code § 1788.2(d).

21.     Plaintiff's $715.62 balance is a "consumer debt" as defined by Cal. Civ. Code § 1788.2(f).

22.     On or around July 24, 2018, Defendant started calling Plaintiff seeking payment on Plaintiff's Capital One Bank (USA), N.A. account.

23.     Plaintiff answered Defendant's phone calls on several occasions.   Each time, Plaintiff experienced clear pause prior to being connected to Defendant's representative.

24.     On no less than three (3) occasions Plaintiff demanded that Defendant stop calling – both verbally as well as *in writing* on October 10, 2018.

25.     Despite Plaintiff's demands, Defendant continued to call Plaintiff's cellular telephone on no less than 40 occasions.

## DAMAGES

26.     Defendant's collection calls have severely disrupted Plaintiff's everyday life and overall well-being.

27.     Defendant's telephone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the phone calls, decreased work productivity, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone subscription services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of her telephone services.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. §§ 1692 *et seq.*)

28.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation(s) of 15 U.S.C. § 1692d(5)

29.     Section 1692d provides:

[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(5)     Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

15 U.S.C. §§ 1692d(5).

30.     Defendant violated 15 U.S.C. § 1692d(5) by placing no less than 40 phone calls to Plaintiff in spite of Plaintiff's multiple requests that Defendant stop calling.

31.     Defendant's behavior of continuously calling Plaintiff was annoying, abusive, harassing and oppressive.

4

32.     Plaintiff may enforce the provisions of 15 U.S.C. § 1692d(5) pursuant to section k of the Fair Debt Collection Practices Act (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the Fair Debt Collection Practices Act] with respect to any person is liable to such person in an amount equal to the sum of –

(1)     any actual damage sustained by such person as a result of such failure;

(2)

       (A)     in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3)     in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

WHEREFORE, Plaintiff request the following relief:

A.     a finding that Defendant violated 15 U.S.C. § 1692d(5);

B.     an award of any actual damages sustained by Plaintiff as a result of Defendant's violation(s);

C.     an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D.     an award of costs of this action, together with a reasonable attorney's fee as determined by this Court; and

E.     an award of such other relief as this Court deems just and proper.

## COUNT II:
### Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)

33.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

34.     Defendant placed or caused to be placed no less than 40 non-emergency calls, including but not limited to the aforementioned phone calls, to Plaintiff's cellular telephone

utilizing an automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice without Plaintiff's consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

35.     Upon information and belief, based on the lack of prompt human response, Defendant employed an ATDS to place calls to Plaintiff's cellular telephone.

36.     Upon information and belief, the ATDS employed by Defendant transfers the call to a live representative once a human voice is detected, hence the clear pause.

37.     Upon information and belief, Defendant acted through its agents, employees, and/or representatives at all times relevant.

38.     As a result of Defendant's violations of 47 U.S.C. §227 (b)(1)(A)(iii). Plaintiff is entitled to receive $500.00 in damages for each violation.

39.     As a result of Defendant's *knowing and willful violations* of 47 U.S.C. §227 (b)(1)(A)(iii), Plaintiff is entitled to receive up to $1,500.00 in treble damages for each violation.

WHEREFORE, Plaintiff requests the following relief:

A.     a finding that Defendant violated 47 U.S.C. § 227 *et seq*.;

B.     an order enjoining Defendant from placing any further calls to Plaintiff's cellular telephone number ending in 4797 in the future;

C.     an award of statutory damages of at least $500.00 for each and every violation;

D.     an award of treble damages of up to $1,500.00 for each and every violation; and

E.     an award of such other relief as this Court deems just and proper.

### COUNT III:
### Rosenthal Fair Debt Collection Practices Act (Cal. Civ. Code § 1788 *et seq*.)

40.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**Violation(s) of Cal. Civ. Code § 1788.11**

41.     California Civil Code § 1788.11 provides:

No debt collector shall collect or attempt to collect a consumer debt by means of the following practices:

(d)     Causing a telephone to ring repeatedly or continuously to annoy the person called; or

(e)     Communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute an harassment to the debt under the circumstances.

Cal. Civ. Code §§ 1788.11(d) and (e).

42.     Defendant violated Cal. Civ. Code §§ 1788.11(d) and (e) by calling Plaintiff's cellular telephone on no less than 40 occasions despite Plaintiff's multiple demands that they stop.

43.     Plaintiff may enforce the provisions of Cal. Civ. Code §§ 1788.11(d) and (e) pursuant to Cal. Civ. Code § 1788.30 which provides:

(a)     Any debt collector who violates this title with respect to any debtor shall be liable to that debtor only in an individual action, and his liability therein to that debtor shall be in an amount equal to the sum of any actual damages sustained by the debtor as a result of the violation;

(b)     Any debt collector who willfully and knowingly violates this title with respect to any debtor shall, in addition to actual damages sustained by the debtor as a result of the violation, also be liable to the debtor only in an individual action, and his additional liability therein to that debtor shall be for a penalty in such amount as the court may allow, which shall not be less than one hundred dollars ($100.00) nor greater than one thousand dollars ($1,000.00).

(c)     In the case of any action to enforce any liability under this title, the prevailing party shall be entitled to costs of the action.  Reasonable attorney's fees, which shall be based on time necessarily expended to enforce the liability, shall be awarded to a prevailing debtor.

WHEREFORE, Plaintiff requests the following relief:

A.     a finding that Defendant violated Cal. Civ. Code §§ 1788.11(d) and (e);

B.   an award of any actual damages sustained by Plaintiff as a result of Defendant's violation(s);

C.   an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D.   an award of costs of this action, together with a reasonable attorney's fee as determined by this Court; and

E.   an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: March 26, 2019                     Respectfully submitted,

**MELVIN KING JR.**

By: */s/ Nicholas M. Wajda*

Nicholas M. Wajda
**WAJDA LAW GROUP, APC**
11400 West Olympic Boulevard
Suite 200M
Los Angeles, California 90064
Telephone: 310-997-0471
Facsimile: 866-286-8433
E-mail: nick@wajdalawgroup.com